# NO. 21-1561

In The

# United States Court of Appeals
## For The Fourth Circuit

**TURNER, LEINS & GOLD, LLC,**

*Plaintiff – Appellee,*

v.

**AMERICAN ENTERPRISE TAX PROFESSIONALS, LLC; PAMELA ANDRASCHKO; REBECCA C. HIGGINS,**

*Defendants – Appellants.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA AT ALEXANDRIA

———————

# SUPPLEMENTAL BRIEF OF APPELLEE

———————

**Stephen D. Charnoff (VSB No. 65329)**
**REES BROOME, PC**
**1900 Gallows Rd.**
**Suite 700**
**Tysons Corner, VA 22182**
**scharnoff@reesbroome.com**
**(703) 790-6233 (telephone)**
**(703) 852-1075 (facsimile)**

*Counsel for Plaintiff-Appellee*

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

DISCLOSURE STATEMENT

- In civil, agency, bankruptcy, and mandamus cases, a disclosure statement must be filed by **all** parties, with the following exceptions: (1) the United States is not required to file a disclosure statement; (2) an indigent party is not required to file a disclosure statement; and (3) a state or local government is not required to file a disclosure statement in pro se cases. (All parties to the action in the district court are considered parties to a mandamus case.)
- In criminal and post-conviction cases, a corporate defendant must file a disclosure statement.
- In criminal cases, the United States must file a disclosure statement if there was an organizational victim of the alleged criminal activity. (See question 7.)
- Any corporate amicus curiae must file a disclosure statement.
- Counsel has a continuing duty to update the disclosure statement.

No. __21-1561__     Caption: Turner, Leins & Gold, LLC v. American Enterprise Tax Professionals

Pursuant to FRAP 26.1 and Local Rule 26.1,

Turner, Leins & Gold, LLC
(name of party/amicus)

_____

who is __appellee__, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1. Is party/amicus a publicly held corporation or other publicly held entity?   ☐ YES ☑ NO

2. Does party/amicus have any parent corporations?   ☐ YES ☑ NO
   If yes, identify all parent corporations, including all generations of parent corporations:

3. Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?   ☐ YES ☑ NO
   If yes, identify all such owners:

12/01/2019 SCC                                - 1 -

4. Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation? ☐YES ☑NO
If yes, identify entity and nature of interest:

5. Is party a trade association? (amici curiae do not complete this question) ☐YES ☑NO
If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6. Does this case arise out of a bankruptcy proceeding? ☐YES ☑NO
If yes, the debtor, the trustee, or the appellant (if neither the debtor nor the trustee is a party) must list (1) the members of any creditors' committee, (2) each debtor (if not in the caption), and (3) if a debtor is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of the debtor.

7. Is this a criminal case in which there was an organizational victim? ☐YES ☑NO
If yes, the United States, absent good cause shown, must list (1) each organizational victim of the criminal activity and (2) if an organizational victim is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of victim, to the extent that information can be obtained through due diligence.

Signature: _____   Date:   5/11/2021

Counsel for:  Appellee Turner, Leins & Gold, LLC

- 2 -

# TABLE OF CONTENTS

                                                  **Page:**

TABLE OF AUTHORITIES ................................................................................... ii

BRIEF OF APPELLEE TURNER, LEINS & GOLD, LLC
  IN RESPONSE TO ORDER REQUIRING SUPPLEMENTAL BRIEFING ....... 1

STATEMENT OF THE ISSUES .............................................................................. 1

ARGUMENT ............................................................................................................. 1

DECLARATION ....................................................................................................... 3

CERTIFICATE OF COMPLIANCE ........................................................................ 4

# TABLE OF AUTHORITIES

**Page(s):**

**Cases:**

*Central W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC*,
    636 F.3d 101 (4th Cir. 2011) ...................................................................................2

*Dennison v. Carolina Payday Loans, Inc.*,
    549 F.3d 941 (4th Cir. 2008) ...................................................................................2

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
    460 U.S. 1 (1983) ...................................................................................................1

**Statutes:**

28 U.S.C. § 1332(a)(1) ..............................................................................................2

## BRIEF OF APPELLEE TURNER, LEINS & GOLD, LLC
## IN RESPONSE TO ORDER REQUIRING SUPPLEMENTAL BRIEFING

Appellee Turner, Leins & Gold, LLC (hereinafter "Appellee" or "TLG") hereby submits its brief in response to the August 15, 2023 Order requiring that Appellee and, separately, Appellants American Enterprise Tax Professionals, LLC ("AETP"), Rebecca Higgins ("Higgins"), and Pamela Andraschko ("Andraschko") (collectively, "Appellants"), file supplemental briefs.

### STATEMENT OF THE ISSUES

The Court's August 15, 2023 Order (ECF No. 34) states, in relevant part, with citations omitted:

> The parties are directed to file supplemental briefs addressing whether the district court had subject matter jurisdiction over the state law claims and over a motion to compel arbitration of those claims. In particular, the parties are directed to identify all members of Turner, Leins & Gold, LLC and American Enterprise Tax Professionals, LLC, and the citizenship of such members.

### ARGUMENT

1.  The Federal Arbitration Act "provides for an order compelling arbitration only when the federal district court would have jurisdiction over a suit on the underlying dispute; hence, there must be diversity of citizenship or some other independent basis for federal jurisdiction before the order can issue." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n. 32 (1983).

1

2. Diversity citizenship exists where all plaintiffs are diverse from all defendants. 28 U.S.C. § 1332(a)(1). "For purposes of diversity jurisdiction, the citizenship of a limited liability company . . . is determined by the citizenship of all of its members . . . ." *Central W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).

3. Appellee, in the Complaint, affirmatively alleged that all plaintiffs are diverse from all defendants. *See* JA 11 (Complaint ¶ 17).

4. Specifically, Appellee is a Virginia limited liability company, *see* JA 10, and its members as of the time of the filing of the Complaint, *see Dennison v. Carolina Payday Loans, Inc.*, 549 F.3d 941, 943 (4th Cir. 2008) (a party's citizenship is "fixed at the time the complaint ... is filed"), were Stephen Turner, a resident, citizen, and domiciliary of the Commonwealth of Virginia, Isabel Quintela a resident, citizen, and domiciliary of the Commonwealth of Virginia, Andrew Schell, a resident, citizen, and domiciliary of the Commonwealth of Virginia, and Shawn Donovan, a resident, citizen, and domiciliary of the State of Maryland.

5. AETP is a Florida limited liability company, and its members, Higgins and Andraschko, are residents, citizens, and domiciliaries of, respectively, Florida and Nebraska. *See* JA 10-11.

2

6. Accordingly, complete diversity exists between all plaintiffs and all defendants.

TURNER, LEINS & GOLD, LLC
by Counsel

/s/ Stephen D. Charnoff
Stephen D. Charnoff (VSB No. 65329)
REES BROOME, PC
1900 Gallows Rd.
Suite 700
Tysons Corner, VA 22182
scharnoff@reesbroome.com
(703) 790-6233 (telephone)
(703) 852-1075 (facsimile)

*Counsel for Plaintiff-Appellee*

## DECLARATION

Pursuant to 18 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 24, 2023

Stephen Turner in his capacity as manager of Turner, Leins & Gold, LLC

3

## **CERTIFICATE OF COMPLIANCE**

1. This document complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

    this document contains 429 words.

2. This document complies with the typeface requirements because:

    This document has been prepared in a proportional spaced typeface using Microsoft Word in 14 point Times New Roman.

Dated: August 24, 2023                Respectfully Submitted,

                                      TURNER, LEINS & GOLD, LLC
                                      by Counsel

                                      /s/ Stephen D. Charnoff
                                      Stephen D. Charnoff (VSB No. 65329)
                                      REES BROOME, PC
                                      1900 Gallows Rd.
                                      Suite 700
                                      Tysons Corner, VA 22182
                                      scharnoff@reesbroome.com
                                      (703) 790-6233 (telephone)
                                      (703) 852-1075 (facsimile)

                                      *Counsel for Plaintiff-Appellee*

4